## TUCKER et al. v. FIRST NAT. BANK OF DE KALB et al.

### No. 3569.

Court of Civil Appeals of Texas. El Paso.

Nov. 4, 1937.

Rehearing Denied Dec. 9, 1937.

Percy Woodard, of Marshall, for appellants.

Young & Turlington, of Marshall, for appellee.

O. B. Pirkey, of New Boston, for appellants.

HIGGINS, Justice.

W. J. Tucker and others brought this suit against the First National Bank of De Kalb, Tex., C. C. Crump, president of said bank, Joe Telford, Jr., and others not necessary to mention, to recover damages for the alleged conversion of certain chattels and to recover certain court costs which it was alleged the plaintiffs had been compelled to wrongfully pay in a previous suit between the parties.

The case was tried before a jury and judgment rendered upon the findings made

in favor of the plaintiffs for the sum of $27.75, the same being the value of certain cattle belonging to plaintiffs converted by the defendants. The court refused to render judgment in plaintiffs' favor for the value, as found by the jury, of two mules and one horse alleged to have been wrongfully converted by the defendants. Recovery was also denied of the $104 claimed to have been illegal court cost paid in the previous suit. The value of the two mules and horse was fixed by the jury at $110.

Appellants have fully briefed the case, but no brief has been filed in behalf of the appellees. We are, therefore, unadvised by appellees of the theory upon which the court refused to grant the plaintiffs the full relief sought by them. Upon an examination of the findings as shown by the record and the brief of the appellants it appears the bank, Crump, and Telford have been guilty of a conversion of the two mules and one horse mentioned above, and that judgment for their value in the sum of $110 should have been rendered. As to the item of illegal costs, alleged to have been collected and paid, recovery thereof was properly denied. The plaintiffs' remedy in the former suit was to have the costs retaxed, if in fact illegal charges had been taxed against them. The judgment is therefore reversed and here rendered so as to award the plaintiffs a further recovery against the defendants of the aforesaid sum of $110.

Reversed and rendered.